SUPREME COURT OF ARIZONA

| | |
|---|---|
| STATE OF ARIZONA, | ) Arizona Supreme Court |
| | ) No. CR-01-0100-AP |
| Appellee, | ) |
| | ) Pima County Superior |
| v. | ) Court |
| | ) No. CR-64663 |
| KAJORNSAK PRASERTPHONG, | ) |
| | ) |
| Appellant. | ) **OPINION** |
| | ) |
| _____ | ) |

Appeal from the Superior Court in Pima County
No. CR-64663
The Honorable Michael Brown, Judge (Retired)

**AFFIRMED**

_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Kent E. Cattani, Chief Counsel,
          Capital Litigation Section,
          Vincent L. Rabago, Assistant Attorney General     Tucson
Attorneys for State of Arizona

ROBERT J. HOOKER, PIMA COUNTY PUBLIC DEFENDER              Tucson
     By   Rebecca A. McLean, Assistant Public Defender,
          Lori J. Lefferts, Assistant Public Defender,
Attorneys for Kajornsak Prasertphong

_____

**R Y A N**, Justice

**¶1**      In   September   2000,   a   jury   convicted   Kajornsak

Prasertphong of three counts of first degree felony murder and

three counts of armed robbery.  The trial judge sentenced him to

death for two of the murders, to prison for natural life for one of the murders, and to three concurrent twenty-one-year sentences for the robbery convictions. We previously affirmed all of the convictions and sentences, *see State v. Prasertphong*, 206 Ariz. 70, 93, ¶ 98, 75 P.3d 675, 698 (2003) *(Prasertphong I),* except for the death sentences, which we remanded for re-sentencing in light of *Ring v. Arizona*, 536 U.S. 584, 609 (2002).[1]

**¶2** Prasertphong filed a Petition for Writ of Certiorari in the United States Supreme Court, arguing that the trial court and this Court erred in applying *Ohio v. Roberts*, 448 U.S. 56 (1980), in concluding that the admission of a portion of Prasertphong's unavailable co-defendant's statement did not violate Prasertphong's right to confront witnesses under the Sixth Amendment. While his petition was pending, the United States Supreme Court decided *Crawford v. Washington*, 541 U.S. 36 (2004), which overruled *Roberts* and applied a new standard for the admissibility of statements under the Confrontation Clause. Prasertphong supplemented his Petition for Writ of Certiorari, citing *Crawford*.

**¶3** Shortly thereafter, the Supreme Court vacated *Prasertphong I*, ordering us, on remand, to determine whether, in

---

[1] *State v. Prasertphong*, 206 Ariz. 167, 169, 172, ¶¶ 2, 23-24, 76 P.3d 438, 440, 443 (2003) (*Prasertphong II*).

light of *Crawford*, the admission of the unavailable co-defendant's statements to the police violated the Confrontation Clause. *Prasertphong v. Arizona*, 541 U.S. 1039 (2004). We conclude that the trial judge and this Court did not apply the correct legal standard regarding the Confrontation Clause as set forth in the subsequently decided *Crawford* decision. We hold, however, that that error did not violate Prasertphong's Confrontation Clause rights. We have jurisdiction under Article 6, Section 5(3), of the Arizona Constitution.

**I**

¶4      A detailed account of the facts is set out in *Prasertphong I*, 206 Ariz. at 76-78, ¶¶ 2-15, 75 P.3d at 681-83. For purposes of this opinion, however, the essential facts establish that Prasertphong and Christopher Huerstel, after having talked about robbing a Pizza Hut earlier in the night, went to a Pizza Hut in Tucson, where they murdered three employees and took a bank bag and debit card machine. Both were arrested the next day, and both gave tape-recorded statements to the police. Both statements contained portions that inculpated each defendant and other portions that exculpated the other.

¶5      The Pima County Grand Jury indicted Prasertphong and Huerstel in the same indictment. Because each defendant's confession implicated the other defendant, the trial court, based on *Bruton v. United States*, 391 U.S. 123 (1968), severed

- 3 -

Prasertphong's and Huerstel's trials but ordered that they be tried simultaneously before dual juries. *Prasertphong I*, 206 Ariz. at 78, 92, ¶¶ 15, 91, 75 P.3d at 683, 697.

¶6 Despite the trial court's order granting a severance, Prasertphong, citing Rule 804(b)(3) of the Arizona Rules of Evidence,[2] sought to introduce at trial portions of Huerstel's statement to the police, in which Huerstel admitted that he shot all three victims. After initially objecting to admission of any part of Huerstel's statement because Huerstel, as a co-defendant, was unavailable to testify, the State subsequently agreed that the self-incriminating portions of the statement were admissible but argued that, under Rule 106 of the Arizona Rules of Evidence,[3] the entire statement, including statements

---

[2] Arizona Rule of Evidence 804(b) provides that statements against interest are not excluded by the hearsay rule if the declarant is unavailable as a witness. Rule 804(b)(3) defines "statement against interest" as follows:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

[3] Arizona Rule of Evidence 106 provides as follows:

- 4 -

that shifted some blame to Prasertphong, should be admitted. Specifically, the State argued that to avoid misleading the jury, the following portions of Huerstel's statements should be admitted if Prasertphong sought to have the self-incriminating portions of Huerstel's statement admitted: that Prasertphong entered the restaurant with the gun, that he planned to rob the restaurant because he did not have the money to pay for the meal, that he intended to shoot the employees, that he was the first person to shoot anyone, that he attempted to "finish off" one of the victims by breaking her neck, and that he went back into the restaurant to retrieve his debit card and the payment machine after the murders.

¶7 Prasertphong maintained that admission of the entire statement would violate his Sixth Amendment right to confront witnesses against him. Citing Rule 106, the trial judge disagreed, ruling that if Prasertphong decided to introduce the self-incriminating portions of Huerstel's statement to police, the remaining portions of Huerstel's statement would be admitted. Specifically, the trial judge ruled that "because of the nature of the statements and the totality of the

When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

- 5 -

circumstances, . . . they bear an adequate indicia of reliability." The trial judge further ruled that *State v. Soto-Fong*, 187 Ariz. 186, 193-94, 928 P.2d 610, 617-18 (1996), permitted "the admission of the entire statement . . . notwithstanding the defendant's confrontation clause argument."

**II**

¶8      The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *Roberts*, the United States Supreme Court held that, notwithstanding the Confrontation Clause, an unavailable declarant's out-of-court statement may be admitted so long as it "bears adequate 'indicia of reliability.'" 448 U.S. at 66. *Roberts* further held that reliability could be inferred when the evidence fell "within a firmly rooted hearsay exception" or had "particularized guarantees of trustworthiness." *Id*.

¶9      In *Crawford*, however, the Supreme Court overruled *Roberts*, holding that "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." 541 U.S. at 68-69. In *Crawford*, the prosecution, under Washington Rule of Evidence 804(b)(3), introduced, over the defendant's objection, a taped statement

- 6 -

the defendant's wife gave to the police.[4]  *Id*. at 40.  Portions

of the wife's statement undercut the defendant's claim of self-

defense.  *Id*. at 40-41.  The Court found a violation of the

Confrontation Clause because, with respect to such testimonial

statements, "the Sixth Amendment demands what the common law

required: unavailability and a prior opportunity for cross-

examination."  *Id*. at 68.  Although the Court declined to define

"testimonial," it declared that "[w]hatever else the term

covers, it applies at a minimum to prior testimony at a

preliminary hearing, before a grand jury, or at a former trial;

and to police interrogations."  *Id*.  Because Crawford's wife's

statement was the result of a police interrogation, it clearly

fell within the definition of "testimonial."  *See id*.

**III**

**A**

¶10      *Crawford* established that the trial court's and this

Court's reliance on the *Roberts* test to admit Huerstel's

statement was error.  But the inquiry does not stop there.  To

determine whether the *Crawford* error here violated the

Confrontation Clause, we must reexamine whether, under Arizona

Rule of Evidence 106, Prasertphong forfeited his Confrontation

Clause rights by introducing selected portions of Huerstel's

---

[4]    The wife was unavailable to testify because the defendant invoked Washington's marital privilege statute.  *Crawford*, 541 U.S. at 40 (citing Wash. Rev. Code § 5.60.060(1)(1994)).

statement.  As a preliminary matter, we note that Confrontation Clause issues arise when a hearsay statement is offered by the prosecution.  *See* 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 804.06[5][c][i] (2d ed. 2005).

¶11     In this case, it was Prasertphong who offered selected portions of Huerstel's statement to the police.  In response to the State's objection that admitting only portions of that statement would mislead the jury, the judge ordered that the remaining portions be admitted under Rule 106, also known as the rule of completeness.  We must decide, therefore, whether the trial judge violated Prasertphong's confrontation rights by ruling that the remaining portions of the statement be admitted so that the jury would not be misled or confused.  We conclude that the trial judge's ruling did not violate the Confrontation Clause.

¶12     In *Prasertphong I*, we agreed with the trial judge that "it would have been misleading to the jury to present Huerstel's statement as Prasertphong suggested."  206 Ariz. at 81, ¶ 33, 75 P.3d at 686.  We concluded, therefore, that "the trial court did not err in admitting Huerstel's entire statement under Rule 106."  *Id*.  We cautioned, however, that "even though a statement is admissible under a hearsay exception, admission must also satisfy the Confrontation Clause."  *Id*. at 81, ¶ 34, 75 P.3d at 686 (citing *State v. Bass*, 198 Ariz. 571, 580, ¶ 35, 12 P.3d

796, 805 (2000)).[5]  Relying on *Roberts*, we then held that the admission of the entire statement under Rules 804(b)(3) and 106 did not violate the Confrontation Clause because "Huerstel's statements, when viewed in their entirety, were generally self-inculpatory, and thus bore sufficient indicia of reliability." *Id.*

**¶13**      Upon further reconsideration of the matter in light of *Crawford*, we conclude that in *Prasertphong I* we took the wrong approach in addressing the issue.  Admittedly, "even though a statement is admissible under a hearsay exception, admission must also satisfy the Confrontation Clause."  *Id.* at 81, ¶ 34, 75 P.3d at 686 (citing *State v. Bass*, 198 Ariz. 571, 580, ¶ 35, 12 P.3d 796, 805 (2000)).  The admission of Huerstel's entire statement under Rule 106, however, did not raise Confrontation Clause problems because it was Prasertphong himself who introduced selected portions of the statement.  The trial court permitted admission of the remaining portions only to ensure that those selected portions of that statement did not mislead the jury.

---

[5]      We note that in *State v. Bass*, 198 Ariz. 571, 12 P.3d 796 (2000), it was the state that introduced the statements that this Court ultimately found violated the Confrontation Clause. *See id*. at 574-75, 580, ¶¶ 5, 37-38, 12 P.3d at 799-800, 805.

¶14 Arizona adopted Rule 106, which is a partial codification of the rule of completeness, verbatim from Federal Rule of Evidence 106. Both rules provide that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

¶15 The rule of completeness does not always require the admission of the entire statement. Instead, it requires the admission of those portions of the statement that are "'necessary to qualify, explain or place into context the portion already introduced.'" *United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996) (quoting *United States v. Pendas-Martinez,* 845 F.2d 938, 944 (11th Cir. 1988)).

¶16 In this case, the trial court concluded that it was necessary to introduce the entire statement of Huerstal so as not to mislead the jury. We agreed. *Prasertphong I*, 206 Ariz. at 81, ¶ 33, 75 P.3d at 686. The inquiry could have ended there. Neither the trial court nor this Court needed to examine whether Huerstel's statement satisfied the now-defunct *Roberts* reliability test because the admission of the remaining portions of Huerstel's statement under Rule 106 did not raise a Confrontation Clause problem; Prasertphong forfeited his Confrontation Clause right not to have Huerstel's statement

admitted against him when Prasertphong himself introduced selected portions of that statement.[6]

**B**

¶17    A decision from this Court compels the result we reach today.    In *State v. Soto-Fong*, an informant made two separate statements to police about a conversation with Soto-Fong's alleged accomplices.    187 Ariz. 186, 192-93, 928 P.2d 610, 616-17 (1996).    Soto-Fong attempted to introduce the first statement in which the informant said that "Cha-Chi" was the murderer. *Id.* at 193, 928 P.2d at 617.    The state, however, argued that it should be able to introduce the second statement, in which the informant identified "Cha-Chi" as "Martin [Soto-Fong], Betty Christopher's boyfriend."    *See id.* at 192-93, 928 P.2d at 616-17.    The trial court agreed, ruling that if Soto-Fong introduced the first statement, the state would be permitted to introduce the subsequent statement even though it inculpated Soto-Fong. *Id.*    We affirmed, concluding that "once [Soto-Fong] made the

---

[6]    In his reply brief, Prasertphong argues that we cannot consider this point.    He reasons that because the State raised "waiver" in its answering brief in the original appeal and we did not address waiver in *Prasertphong I*, "we necessarily determined that the issue was not waived." But nowhere in *Prasertphong I* did we hold that waiver or forfeiture did not apply.    Instead, because at that time the *Roberts* test seemed so conclusive as to Prasertphong's Confrontation Clause contention, we found it unnecessary to address the State's waiver argument. Because we neither expressly nor implicitly rejected the State's waiver argument, we believe that the State has appropriately raised the issue of whether Prasertphong forfeited his Confrontation Clause claim.

tactical decision to introduce some of [the informant's] testimony about [the conversation with the two alleged accomplices], he could not simultaneously preclude the state from introducing other evidence of that same conversation." *Id.* at 194, 928 P.2d at 618.

¶18    Permitting the State to introduce the remaining portions of Huerstel's statement under the rule of completeness in this case falls within the rule of *Soto-Fong*. Indeed in this case, the State merely sought to introduce the remaining portions of the *same statement* to put the selected portions in their proper context, not a separate statement altogether. The trial court recognized this circumstance when it ruled that *Soto-Fong* permitted "the admission of the entire statement[.] [O]nce a portion of defendant Huerstel's statement [was] sought to be admitted by the defendant Prasertphong[,] then the balance of the statement [could] be admitted notwithstanding the defendant's confrontation clause argument."

¶19    Accordingly, *Soto-Fong* fully supports the trial court's original decision and the conclusion we reach in today's opinion.

C

¶20    In addition to our decision in *Soto-Fong*, decisions from other jurisdictions support our conclusion. A number of states have held that the rule of completeness allows a trial

judge the discretion to admit the balance of a statement if a defendant seeks to introduce a portion of an accomplice's statement. *See, e.g.*, *Burke v. State*, 484 A.2d 490, 496-97 (Del. 1984) (finding no abuse of discretion when trial judge admitted remaining portion of statement after defendant admitted a potentially misleading portion); *Ramirez v. State*, 739 So. 2d 568, 580 (Fla. 1999) (concluding that the rule of completeness did not require admission of accomplice's entire statement on redirect because *defendant* did not elicit any parts of accomplice's confession during cross-examination); *Carr v. State*, 655 So. 2d 824, 835 (Miss. 1995) (holding that, under the rule of completeness, it was not error for trial judge to permit the state to introduce remainder of accomplice's statement because defendant introduced a potentially misleading portion); *State v. Roberts*, 14 P.3d 713, 728 (Wash. 2000) (concluding, on facts similar to those before us, that a trial judge has discretion, under the rule of completeness, to require admission of the entire statement); *see also Kennard v. State*, 531 So. 2d 934, 935, 937 (Ala. 1986) (concluding that, under the doctrine of curative admissibility,[7] the trial court properly admitted the

---

[7] The rule of curative admissibility provides that "otherwise inadmissible evidence will be admitted to rebut inadmissible evidence placed before the fact-finder by the adverse party." Black's Law Dictionary 387 (7th Ed. 1999). The rationale used by the court in *Kennard* to justify the admission of the disputed

remaining portion of a confession once the defense admitted a potentially misleading portion of it).

¶21    Federal case law also supports our conclusion that the rule of completeness confers upon trial judges the discretion to admit the remaining portions of a statement if the redacted portion of the statement may mislead the jury. *See United States v. Moussaoui*, 382 F.3d 453, 481-82 (4th Cir. 2004) (holding that "the defense's ability to propose substitutions based on the language of the [Redacted] summaries is not a license to mislead the jury"; therefore, the government can seek to admit the remaining portions under the rule of completeness so long as it does not seek to admit inculpatory statements that "neither explain nor clarify the statements designated by [defendant]"); *United States v. Washington*, 12 F.3d 1128, 1137 (D.C. Cir. 1994) (finding that trial court did not abuse its discretion "by conditioning admission of the impeaching portions of the officers' prior statements on the admission of these prior statements in their entirety").

**D**

¶22    Finally, we note that legal scholars have reasoned that admission under the rule of completeness should not depend upon whether the portion sought to be introduced to complete the

_____

evidence is the same rationale that justifies admission of statements under the rule of completeness.

statement necessarily complies with some other rule of evidence. McCormick, for example, points out that "[i]t is sometimes stated that the [remaining portion of a statement] may be introduced only if it is otherwise admissible." *McCormick on Evidence* § 56 at 250 & n.8 (5th Ed. 1999) (citing *Pendas-Martinez*, 845 F.2d at 944 n.10 (explaining that there is a split among the circuits regarding whether otherwise inadmissible evidence can be admitted under Rule 106)). McCormick maintains, however, that

> as a categorical rule, that statement is unsound. In particular, the statement is inaccurate as applied to hearsay law. At least when the other passage of the writing or statement is so closely connected to the part the proponent contemplates introducing that it furnishes integral context for that part, the passage is admissible on a nonhearsay theory. Moreover, since the complex of admissibility doctrines includes the concept of waiver of objection through "door opening," otherwise inadmissible part [sic] often becomes admissible. Ultimately, whether an otherwise inadmissible part offered to explain, modify, or qualify the part already received is admitted should depend upon whether its probative value for that purpose is substantially outweighed by dangers of unfair prejudice, confusion of the issues, misleading the jury, or waste of time.

*Id*. at 250-52 (footnotes omitted); *see also* Faust F. Rossi, *Evidence: 1999-2000 Survey of New York Law*, 51 Syracuse L. Rev. 489, 498-99 (2001) (explaining that a number of states hold that the explanatory portion of a statement may be admitted under the rule of completeness only if it is otherwise admissible but arguing that that "approach makes little sense. If the

explanation required to prevent distortion must be admissible independent of its corrective function, then the purpose of the rule of completeness is defeated.").

**E**

**¶23**     We conclude, therefore, that the trial court's and this Court's application of the now-defunct *Roberts* test did not violate the Confrontation Clause.  Prasertphong forfeited his Confrontation Clause right not to have Huerstel's entire statement admitted against him when he made the tactical decision to introduce portions of the statement that, standing alone, had the serious potential to mislead the jury.  *See Soto-Fong*, 187 Ariz. at 193-95, 928 P.2d at 617-19.[8]

---

[8]     Prasertphong's reliance on selected post–*Crawford* state court cases is misplaced.  All those cases involved the prosecution introducing statements taken by the police of witnesses or co-defendants.  *See, e.g.*, *People v. Fry*, 92 P.3d 970, 973-77 (Colo. 2004) (finding *Crawford* violation when prosecution called witness to testify at preliminary hearing and later attempted to introduce that testimony at trial because preliminary hearings do not provide an adequate opportunity for defendants to cross-examine witnesses against them); *Clark v. State*, 891 So. 2d 136, 138-42 (Miss. 2004) (finding *Crawford* violation when state introduced accomplice's statement to police against defendant); *State v. Alvarez-Lopez*, 98 P.3d 699, 702-07 (N.M. 2004) (finding *Crawford* violation when state called officer to the stand to testify about statements an unavailable co-defendant made to the officer regarding defendant's participation in a burglary); *State v. Johnson*, 98 P.3d 998, 1001-02 (N.M. 2004) (finding *Crawford* violation when prosecution introduced accomplice's tape-recorded statement to police); *Brooks v. State*, 132 S.W.3d 702, 703-08 (Tex. App. 2004) (finding *Crawford* violation when state introduced statement from non-testifying co-defendant).

¶24      *Crawford* does not affect the constitutionality of Rule 106 or its application in this case.  In fact, *Crawford* suggested that exceptions to the Confrontation Clause that do not look to reliability as a basis for admitting statements remain constitutionally intact after *Crawford*.  According to the Court,

> [t]he *Roberts* test allows a jury to hear evidence, untested by the adversary process, based on a mere judicial determination of reliability.  It thus replaces the constitutionally prescribed method of assessing reliability with a wholly foreign one.  In this respect, it is very different from exceptions to the Confrontation Clause that make no claim to be a surrogate means of assessing reliability.  For example, the rule of forfeiture by wrongdoing (which we accept) extinguishes confrontation claims on essentially equitable grounds; it does not purport to be an alternative means of determining reliability.

541 U.S. at 62 (citation omitted).  We conclude that Rule 106, the rule of completeness, is similar to the rule of forfeiture in that it does not purport to be an alternative means of determining reliability.  Rather, the rule of completeness, like the rule of forfeiture, "extinguishes confrontation claims essentially on equitable grounds."  Rule 106 does not permit admission of the remaining portion of a statement because that remaining portion is reliable but rather because it would be unfair to mislead the jury by admitting the redacted portion,

particularly when a defendant chooses to introduce the portion of the statement or writing that the trial court has found to be incomplete and thus misleading to the jury.

**B**

¶25     Moreover, the *Crawford* error here did not affect the outcome of the verdict.  Indeed, if we were to remand this case for a new trial, Prasertphong would be faced with precisely the same choice he had in his first trial.  Prasertphong would again have to decide whether to introduce the selected portions of Huerstel's statement.  If he did, however, under Rule 106, the State could seek admission of other contextualizing portions of the statement so that the jury would not be misled or confused.

**C**

¶26     We acknowledge that "[f]ew rights are more fundamental than that of an accused to present witnesses [and evidence] in his own defense."  *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (citations omitted).  But "[i]n the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence."  *Id.*

¶27     A simple example demonstrates how unfair and unreliable trials would be if we adopted Prasertphong's position.  Under Prasertphong's analysis, if a co-defendant had

confessed to the police that he murdered two people, but then subsequently said in the same interview that the defendant forced him to do so at gunpoint, the defendant could introduce the first portion of the co-defendant's statement to the police because it was a statement against interest. Ariz. R. Evid. 804(b)(3). The state, however, could not introduce the remainder of the confession under Rule 106 because it would violate *Crawford*.[9]

¶28 Such a position transforms the Confrontation Clause from a shield to a sword. *Cf. United States v. Nobles*, 422 U.S. 225, 241 (1975) ("The Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system; one cannot invoke the Sixth Amendment as a justification for presenting what might have been a half-truth."); *United States v. Fairchild*, 505 F.2d 1378, 1383 (5th Cir. 1975) (holding that once defendant, who had invoked his *Miranda* rights, claimed at trial that he was cooperative with the police, "the evidence of [defendant's] Miranda silence was

---

[9] Of course a trial court, in the exercise of its discretion, could preclude the admission of such a statement in its entirety. *See, e.g.*, *United States v. LeFevour*, 798 F.2d 977, 981 (7th Cir. 1986). But Prasertphong has insisted throughout these proceedings that he has an absolute right to present those portions of Huerstel's statement that tend to exculpate him, while at that same time insisting that other portions of Huerstel's statement that the trial court found to be necessary for a fair presentation of the evidence be excluded under the Confrontation Clause.

admissible for the purpose of rebutting the impression which he attempted to create: that he cooperated fully with the law enforcement authorities"); *State v. Cannon*, 148 Ariz. 72, 75-77, 713 P.2d 273, 276-78 (1985) (holding that if defendant testified that his police statement was coerced, prosecution could play entire interrogation tape to show lack of coercion, even though it would disclose admissions to numerous uncharged robberies).

¶**29**     Accordingly, we hold that once Prasertphong made the tactical decision to introduce portions of Huerstel's statement, he forfeited any claim that the introduction of the remainder of the statement, which the trial court found necessary to prevent the jury from being misled, violated the Confrontation Clause. *See Soto-Fong*, 187 Ariz. at 193-95, 928 P.2d at 617-19.

**V**

¶**30**     For the foregoing reasons, we conclude that *Crawford* does not affect the validity of Prasertphong's convictions in this case, and therefore we affirm his convictions.

_____
                    Michael D. Ryan, Justice


CONCURRING:


_____
Ruth V. McGregor, Chief Justice


- 20 -

_____
Rebecca White Berch, Vice Chief Justice


_____
Charles E. Jones, Justice (Retired)


NOTE: Justice Hurwitz took no part in the consideration or decision of this case.