IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee*,

*v.*

ANDY DANIEL ALMEIDA,
*Appellant*.

No. 2 CA-CR 2014-0267
Filed August 19, 2015

---

Appeal from the Superior Court in Pima County
No. CR20123108001
The Honorable Deborah Bernini, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Mark Brnovich, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Diane Leigh Hunt, Assistant Attorney General, Tucson
*Counsel for Appellee*

Steven R. Sonenberg, Interim Pima County Public Defender
By Erin K. Sutherland, Assistant Public Defender, Tucson
*Counsel for Appellant*

## OPINION

Chief Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Miller and Judge Espinosa concurred.

E C K E R S T R O M, Chief Judge:

**¶1**         Following a jury trial, appellant Andy Almeida was convicted of aggravated assault with a deadly weapon and sentenced to a five-year term of imprisonment.  On appeal, he contends the trial court committed reversible error by denying his requested jury instruction on the crime-prevention justification afforded by A.R.S. § 13-411.[1]  We agree and therefore reverse his conviction.  Our disposition makes it unnecessary to address Almeida's additional argument concerning his absence from part of the trial.

### Factual and Procedural Background

**¶2**         When a trial court refuses a jury instruction, we view the evidence on appeal in the light most favorable to the proponent of the instruction.  *See State v. Nottingham*, 231 Ariz. 21, ¶ 14, 289 P.3d 949, 954 (App. 2012).  Almeida's trial concerned an incident of "road rage" and largely focused on the disputed question of who was the aggressor.  The victim[2] was driving by himself at the time of

_____

[1]Unless otherwise indicated, we cite the current versions of all statutes referred to in this opinion, which have not changed in material part since July 7, 2012, the date of the alleged offense.

[2]We use the term "victim" in conformity with the other driver's status, as set forth in the charges against Almeida, pursuant to the Victims' Bill of Rights and implementing laws.  Ariz. Const. art. II, § 2.1(C); A.R.S. §§ 13-4401(19), 13-4402(A).  In so doing, we do not presuppose any factual conclusion about the competing versions of events.

the encounter. Almeida was driving a car that included his fiancée and their four-year-old son.

¶3 The victim testified he became upset when Almeida made a turn that cut him off. The victim slammed on his brakes and honked his horn. According to Almeida's fiancée, the victim then began "tailgating" their car. As he drove beside it, the victim waved a gun in the air, causing the fiancée to become scared for herself and for her child, who was in the backseat. She told Almeida that the victim had a gun.

¶4 Less than thirty seconds after the victim had brandished the weapon, he pulled up to the passenger's side of Almeida's vehicle at a stop light. Almeida then stepped out of his car and stood beside it while holding his own gun. Once the light turned green, he got back in and drove away. The victim subsequently chased Almeida's vehicle and ran two red lights during the pursuit.

¶5 While still following Almeida, the victim called 9-1-1 to report the vehicle to the police. A police dispatcher urged the victim to cease his pursuit, which the victim did not immediately do. The dispatcher then repeatedly instructed the victim to stay at a designated area in a shopping center so that a police officer could make contact with him there. The victim did not do so, instead going to a different part of the shopping center before returning to meet with a waiting officer. When the officer searched the victim's vehicle, he did not discover any weapon, and the victim denied having one.

¶6 The trial court instructed the jury on self-defense, defense of others, and the defensive display of a firearm. The court denied Almeida's request for an instruction on the justification of crime prevention under § 13-411. After sentencing, Almeida filed a delayed notice of appeal with the trial court's permission pursuant to Rules 31.3 and 32.1(f), Ariz. R. Crim. P. We have jurisdiction over his appeal pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## Discussion

¶7          The instruction requested here correctly set forth the essential components of the crime-prevention justification provided by § 13-411.  The instruction informed the jury that the defendant's threat or use of physical force or deadly physical force was justified if and to the extent that the defendant reasonably believed it was immediately necessary to prevent an aggravated assault.  *See* § 13-411(A).  The instruction also informed the jury that the defendant is presumed to have acted reasonably if he undertook his action to prevent what he reasonably believed to be an imminent or actual aggravated assault.  *See* § 13-411(C).  The accuracy of Almeida's proposed instruction is not in dispute.

¶8          The trial court refused his crime-prevention instruction on the ground it was not supported by the evidence.  On appeal, the state does not challenge Almeida's argument that this conclusion was erroneous.  Rather, the state maintains the ruling was proper because "the substance of th[e] instruction was adequately covered by the other justification-defense instructions given at trial."  The state alternatively asserts that any error in refusing the instruction was harmless.  We address each issue in turn.

**Evidentiary Support**

¶9          "A party is entitled to an instruction on any theory reasonably supported by the evidence."  *State v. Rodriguez*, 192 Ariz. 58, ¶ 16, 961 P.2d 1006, 1009 (1998).  When making this assessment, the question is whether the evidence, viewed in the light most favorable to the proponent, supports giving the instruction.  *State v. King*, 225 Ariz. 87, ¶ 13, 235 P.3d 240, 243 (2010).  The "slightest evidence" is sufficient.  *Id.* ¶ 14; *accord State v. Plew*, 150 Ariz. 75, 78, 722 P.2d 243, 246 (1986), *disapproved on other grounds by King*, 225 Ariz. 87, ¶¶ 9, 12, 235 P.3d at 242, 243; *State v. Johnson*, 108 Ariz. 42, 43, 492 P.2d 703, 704 (1972) (instruction required "if the evidence in the slightest degree tends to" show justification).  Under this standard, a court does not weigh the evidence or resolve conflicts in it, *see Plew*, 150 Ariz. at 78, 722 P.2d at 246; *Nottingham*, 231 Ariz. 21, ¶ 14, 289 P.3d at 954; the court merely decides whether the record provides evidence "upon which the jury could rationally sustain the

defense." *State v. Strayhand*, 184 Ariz. 571, 587-88, 911 P.2d 577, 593-94 (App. 1995). In this respect, the sufficiency of the evidence for a jury instruction is similar to that for a verdict of guilt under Rule 20, Ariz. R. Crim. P. *See State v. West*, 226 Ariz. 559, ¶¶ 16, 18, 250 P.3d 1188, 1191, 1192 (2011). Thus, while we generally review a court's denial of a jury instruction for an abuse of discretion, *see State v. Anderson*, 210 Ariz. 327, ¶ 60, 111 P.3d 369, 385 (2005), we independently assess whether the evidence supported a justification instruction, because that is a question of law and involves no discretionary factual determination. *Cf. West*, 226 Ariz. 559, ¶ 15, 250 P.3d at 1191 (clarifying de novo standard for reviewing sufficiency of evidence for conviction).

¶10 Section 13-411(A) provides that a person is justified in threatening deadly physical force if the person reasonably believes such force "is immediately necessary" to prevent the other person from committing any one of several enumerated crimes, including aggravated assault with a deadly weapon under A.R.S. § 13-1204(A)(2). The evidence here favoring Almeida, if believed, would allow a rational jury to conclude that the victim was the aggressor and that Almeida reasonably believed his display of the handgun at the traffic light was immediately necessary to prevent another aggravated assault against either himself or his passengers. Almeida's version of the events described above came primarily from his statements to police shortly after the incident and from his fiancée's testimony. The state presented evidence that challenged the credibility of those statements. In assessing the propriety of the justification instruction, however, we must view the evidence in the light most favorable to Almeida. It is the task of a properly instructed jury to determine the comparative credibility of the witnesses. Based on the "slight[] evidence" of justification, the trial court correctly instructed the jury on theories of self-defense and defense of others. *King*, 225 Ariz. 87, ¶ 14, 235 P.3d at 243. The same evidence also supported the crime-prevention instruction Almeida requested pursuant to § 13-411.

¶11 The trial court acknowledged that its rulings on the justification instructions could not be harmonized. The court accounted for this conflict by suggesting that Almeida was not

entitled to any justification instructions and that the court had simply provided them in an excess of caution. But such instructions were required because the evidence tended to suggest "in the slightest degree" that Almeida was acting to prevent gun violence or yet another aggravated assault from being perpetrated by the victim during his ongoing episode of road rage. *Johnson*, 108 Ariz. at 43, 492 P.2d at 704. That the evidence of justification was fairly debatable and contradicted by other evidence is irrelevant. *See Plew*, 150 Ariz. at 78, 722 P.2d at 246. Almeida was entitled to the crime-prevention instruction because "the requisite modicum of evidence was presented." *Id.*

¶12 The trial court additionally found that the crime-prevention statute, in particular, did not apply here because it employed "present tense" language, whereas Almeida was attempting to justify actions "after the fact" of the victim's alleged aggravated assault. Neither the statutory language nor the facts of this case, however, provided grounds for refusing the instruction.

¶13 Throughout our code, "[w]ords in the present tense include the future as well as the present." A.R.S. § 1-214(A). Section 13-411(A), as noted, allows a defendant to assert a justification defense when the defendant's act "is immediately necessary to prevent" the commission of an offense by another. Prevention typically is accomplished by a preemptive act. *See The American Heritage Dictionary* 1397 (5th ed. 2011) ("prevent" means "[t]o keep from happening; avert"). "'[T]he effect of the crime prevention privilege is to allow a person to use force in preventing a crime, rather than compel him to await the commission of the unlawful act." *Korzep v. Superior Court* (*Korzep II*), 172 Ariz. 534, 537 n.2, 838 P.2d 1295, 1298 n.2 (App. 1991), *quoting* Note, *Justification for the Use of Force in the Criminal Law*, 13 Stan. L. Rev. 566, 568 (1961). A crime need not necessarily be "ongoing," as the trial court stated, in order for this justification to become available to a defendant. Thus, the court could not deny the requested instruction here simply because the victim was not committing an aggravated assault at the moment Almeida acted to prevent such an offense. *Cf. State v. Taylor*, 169 Ariz. 121, 122, 123, 817 P.2d 488, 489, 490 (1991)

(defendant need not wait for violence or entry into home before taking defensive action).

¶14 The trial court correctly implied that a defendant is not entitled to a crime-prevention instruction when his act occurs after a crime has been fully completed, leaving nothing to prevent. *E.g., Anderson*, 210 Ariz. 327, ¶¶ 10, 62, 111 P.3d at 377, 386 (perpetrator beaten to death after sexual assault ended and victim had exited dwelling); *State v. Ruggerio*, 211 Ariz. 262, ¶¶ 2-4, 8, 12, 120 P.3d 690, 691, 692, 693 (App. 2005) (child molester shot after leaving mobile home and being placed in separate room from victim). But when we view the evidence in the light most favorable to Almeida, as we must, *see King*, 225 Ariz. 87, ¶ 13, 235 P.3d at 243, the record does not present an after-the-fact justification.

¶15 The evidence supported an ongoing episode of road rage by the victim rather than a discrete aggravated assault with a firearm that had been fully resolved. Given the frenetic activity and volatile emotions that characterize an episode of road rage, a single incident might often involve multiple assaults with a weapon. *See, e.g., State v. Klokic*, 219 Ariz. 241, ¶¶ 2-4, 15, 196 P.3d 844, 845, 847 (App. 2008). Road rage also can involve a car chase that endangers those in the targeted vehicle, along with anyone else on the roadway. *E.g., State ex rel. Thomas v. Duncan*, 216 Ariz. 260, ¶ 2, 165 P.3d 238, 240 (App. 2007). And a person's aggressive or violent use of a vehicle can render that vehicle itself a dangerous instrumentality for purposes of aggravated assault. *See State v. Carrillo*, 128 Ariz. 468, 470, 626 P.2d 1100, 1102 (App. 1980); *see also* A.R.S. §§ 13-105(12), 13-1204(A)(2).

¶16 According to the evidence provided by Almeida, the road rage incident in this case began when the victim aggressively tailgated Almeida's vehicle, escalated as the victim threatened Almeida and his passengers with a handgun, and continued when the victim chased Almeida's vehicle through at least two red lights. Unlike in *Anderson*, 210 Ariz. 327, ¶ 62, 111 P.3d at 386, Almeida's threat of deadly force was made when he and his passengers remained within a zone of danger, when the threat of another aggravated assault had not fully passed. The trial court therefore

erred in concluding the crime-prevention instruction was not supported by the evidence.

**Coverage by Other Instructions**

¶17    A trial court is not required to give a requested jury instruction if its other instructions adequately cover the issue. *State v. Garcia*, 224 Ariz. 1, ¶ 75, 226 P.3d 370, 387 (2010). Here, the state contends the instructions concerning self-defense and defense of others adequately covered the issue of whether Almeida was justified in acting to prevent an aggravated assault, rendering the additional instruction on crime prevention unnecessary. Our case law, however, has long rejected this argument. *See, e.g., State v. Korzep (Korzep I)*, 165 Ariz. 490, 492, 494 n.1, 799 P.2d 831, 833, 835 n.1 (1990); *State v. Garfield*, 208 Ariz. 275, ¶ 15, 92 P.3d 905, 909 (App. 2004); *State v. Hussain*, 189 Ariz. 336, 339, 942 P.2d 1168, 1171 (App. 1997).

¶18    There are two principal reasons why a crime-prevention instruction is appropriate even when instructions are provided for self-defense and defense of others. First, as Almeida points out, the statutes protect against different harms. Self-defense, A.R.S. § 13-404, and defense of third persons, A.R.S. § 13-406, limit the use or threat of force to those situations in which it is reasonably and immediately necessary to repel force. Crime prevention, by contrast, has no such limitation. *See* § 13-411(A); *Korzep I*, 165 Ariz. at 492, 799 P.2d at 833; *Hussain*, 189 Ariz. at 339, 942 P.2d at 1171. The justification is available to prevent any enumerated crime, several of which do not necessarily involve any physical force. *Korzep II*, 172 Ariz. at 537, 838 P.2d at 1298; *State v. Thomason*, 162 Ariz. 363, 365, 783 P.2d 809, 811 (App. 1989). This distinction is significant even for the crime of aggravated assault.

¶19    When a defendant acts to prevent a possible assault with a deadly weapon, the harm to be prevented under theories of self-defense or defense of others is the use of "unlawful physical force or deadly physical force." § 13-406; *see* §§ 13-404(A), 13-405(A)(2). Under a crime-prevention theory, the harm to be prevented can simply be the "*apprehension* of imminent physical injury," A.R.S. § 13-1203(A)(2) (emphasis added), or insulting or

provocative touching. *See* §§ 13-1203(A)(3), 13-1204(A)(2). Crime prevention is therefore a "more permissive" justification, *Korzep I*, 165 Ariz. at 492, 799 P.2d at 833, and represents a "unique defense." *Garfield*, 208 Ariz. 275, ¶ 15, 92 P.3d at 909.

**¶20** The second distinguishing feature of a crime-prevention instruction is that it alerts a jury to the presumption of reasonableness afforded by § 13-411(C). *Korzep I*, 165 Ariz. at 492, 799 P.2d at 833; *State v. Barraza*, 209 Ariz. 441, n.3, 104 P.3d 172, 175 n.3 (App. 2005); *Hussain*, 189 Ariz. at 339, 942 P.2d at 1171. The statute provides that a defendant "is presumed to be acting reasonably . . . if [he] is acting to prevent what [he] reasonably believes is the imminent or actual commission of any of the offenses listed." § 13-411(C). This presumption is unique to § 13-411 among the numerous justification statutes, and our supreme court has described it as perhaps the "most important" feature of a crime-prevention instruction. *Korzep I*, 165 Ariz. at 492, 799 P.2d at 833. Thus, when an instruction is refused under this statute, other instructions do not adequately cover the issue. *Id.* at 494 & n.1, 799 P.2d at 835 & n.1.

**¶21** Relying on *State v. Martinez*, 202 Ariz. 507, ¶ 17, 47 P.3d 1145, 1148 (App. 2002), the state claims that no instruction was required here because the presumption of reasonableness "is rebuttable and vanishes when the state provides contradictory evidence," as occurred below. We reject this argument. *Martinez* was decided under statutory amendments from 1997 that placed the burden of proving a justification defense on a criminal defendant, *see* 1997 Ariz. Sess. Laws, ch. 136, § 4; *Martinez*, 202 Ariz. 507, ¶¶ 1, 10-11, 47 P.3d at 1146, 1147; hence, much of the analysis in that case is irrelevant to the current justification statutes in chapter 4 of title 13. Before 1997, as is the case again now, once a defendant presents a foundational showing of justification, the state must prove the defendant's act was *not* justified. *See* 2006 Ariz. Sess. Laws, ch. 199, § 2; *Martinez*, 202 Ariz. 507, ¶ 13, 47 P.3d at 1148. Moreover, even in *Martinez* we did not suggest that because the presumption is rebuttable, the jury should not be made aware of it. In fact, the jury in that case received an instruction on the presumption of reasonableness. 202 Ariz. 507, n.2, 47 P.3d at 1149 n.2; *cf. Korzep II*,

172 Ariz. at 539-40, 542, 838 P.2d at 1300-01, 1303 (noting vanishing nature of presumption in context of rejecting argument for judgment of acquittal, but requiring grand jury to be instructed on presumption of reasonableness on remand).

**¶22** No precedent of this court, therefore, supports the proposition that a trial court may deny a jury instruction on crime prevention or omit a reference to the presumption of reasonableness simply because the state has offered evidence that the defendant's actions were unreasonable. Were we to hold otherwise, we would effectively nullify the presumption in § 13-411(C) and disregard our supreme court's decision in *Korzep I* emphasizing its importance, which we cannot do as an intermediate appellate court. *See State v. Sullivan*, 205 Ariz. 285, ¶ 15, 69 P.3d 1006, 1009 (App. 2003).

**¶23** Furthermore, although the state suggests its argument is limited to the "specific and unique facts of this case," the argument it advances is, in fact, a legal one with potentially broad application. In every case where a crime-prevention justification is properly raised, the state has the burden of proving a lack of justification, *see* A.R.S. § 13-205(A); thus, if the state fails to present any evidence showing unreasonableness by the defendant, the result should be a judgment of acquittal. If the presumption simply vanished with contrary evidence, the jury would never need to hear of it in its final instructions.

**Harmless Error**

**¶24** The state asserts that any error here was harmless. It specifically maintains that the evidence supporting Almeida's justification theories was not credible. Yet the state's argument on this point appears to be based on the contention we have already rejected regarding the vanishing presumption of reasonableness under § 13-411(C).

**¶25** Assuming arguendo harmless error review applies here, the state has failed to carry its burden of establishing, beyond a reasonable doubt, that the absence of the crime-prevention instruction neither contributed to nor affected the verdict. *See State v. Valverde*, 220 Ariz. 582, ¶ 11, 208 P.3d 233, 236 (2009). Indeed, our

supreme court's precedents suggest that the denial of a properly requested jury instruction under § 13-411 will usually be reversible error, given the prejudice that naturally flows from the refusal to allow a distinct legal theory of defense, *see Korzep I*, 165 Ariz. at 492, 494 n.1, 799 P.2d at 833, 835 n.1, and from the failure to clarify the state's burden of proof on that issue. *See State v. Dorman*, 167 Ariz. 153, 154-55, 805 P.2d 386, 387-88 (1991); *see also Hussain*, 189 Ariz. at 339, 942 P.2d at 1171.

**¶26** Under the facts of this case, we cannot conclude that the absence of an instruction on § 13-411 and its presumption of reasonableness had no effect whatsoever on the verdict. The jury here might have rejected Almeida's claims of self-defense and defense of others because it believed, at the time he brandished his own weapon, either that the victim presented no immediate threat of physical force or that Almeida's response to the threat of force was not reasonably proportionate. Had the crime-prevention instruction been submitted, it would have clarified that Almeida was presumed to be acting reasonably if he had acted to prevent what he reasonably believed to be an imminent aggravated assault. *See* § 13-411(C). Aggravated assault, as noted, does not require that any physical force be used or attempted, but only that a reasonable apprehension of imminent physical injury be created. *See* §§ 13-1203(A)(3), 13-1204(A)(2). Thus, had the jury believed the version of events reported by Almeida and his fiancée, it could have acquitted him under § 13-411 by finding, for example, that he acted to prevent his fiancée and small child from again being placed in fear by the victim displaying a weapon.

## Disposition

**¶27** For the foregoing reasons, the conviction and sentence are reversed and the case remanded for further proceedings.