ECKERSTROM, Chief Judge:
*475 ¶ 1 Jesus Pina-Barajas appeals his conviction and sentence for unlawful possession of a deadly weapon by a prohibited possessor, arguing the court should not have precluded his defense of necessity. For the reasons that follow, we affirm.
Factual and Procedural History
¶ 2 We view the evidence in the light most favorable to the party requesting a jury instruction. State v. Almeida , 238 Ariz. 77, ¶ 9, 356 P.3d 822, 824-25 (App. 2015). In April 2012, an officer with the Tucson Police Department was investigating an incident involving Pina-Barajas when he looked into the cab of Pina-Barajas's truck and saw the handle of a gun. The officer obtained a search warrant and found three handguns, a pistol magazine, and ammunition. After first denying that he owned the items, Pina-Barajas later admitted to owning the guns, to having been convicted of a felony, and that "he wasn't supposed to have guns."
¶ 3 At trial, Pina-Barajas sought to admit additional statements he had made to detectives explaining he had obtained the guns after a certain man threatened him and shot at him approximately two weeks earlier. Pina-Barajas also sought to admit the statements pursuant to the rule of completeness. See Ariz. R. Evid. 106. The court precluded the statements on both grounds, and the jury found Pina-Barajas guilty of possession of a deadly weapon by a prohibited possessor. The court sentenced him to an enhanced, minimum term of three years. Pina-Barajas appealed; we have jurisdiction. A.R.S. §§ 13-4031, 13-4033(A)(1).
Necessity Defense
¶ 4 Pina-Barajas contends the trial court erred by precluding his necessity defense. Specifically, he argues he was entitled to introduce certain statements he made to detectives establishing that defense and to have the jury instructed accordingly. We review a trial court's evidentiary rulings for an abuse of discretion. State v. Fish , 222 Ariz. 109, ¶ 8, 213 P.3d 258, 263 (App. 2009). Although we normally review denial of a jury instruction for an abuse of discretion, "we independently assess whether the evidence supported a justification instruction, because that is a question of law and involves no discretionary factual determination." Almeida , 238 Ariz. 77, ¶ 9, 356 P.3d at 824-25.
¶ 5 The trial court may preclude a defense when the defendant fails to "demonstrate he can produce some evidence in support [thereof]." State v. Medina , No. 2 CA-CR 2017-0035, --- Ariz. ----, ¶ 12, --- P.3d ----, ----, 2018 WL 1403818 (Ariz. Ct. App. Mar. 20, 2018). To warrant an instruction a defendant need only produce "slightest evidence." Id. To establish necessity, a defendant must show that he "was compelled to engage in the proscribed conduct and ... had no reasonable alternative to avoid imminent ... injury greater than the injury that might reasonably result from the person's own conduct." A.R.S. § 13-417(A). An imminent injury is one that is immediate, "about to occur," or "impending." State v. Dominguez , 236 Ariz. 226, ¶¶ 4-6, 338 P.3d 966, 969 (App. 2014), quoting The American Heritage Dictionary 879 (5th ed. 2011). A threat of imminent injury is necessarily distinct from one of "eventual harm," which "would functionally erase the imminence element from our statute's definition of the necessity defense." Medina , --- Ariz. ----, --- P.3d at ----, 2018 WL 1403818 ¶ 9. In Medina , this court determined a threat occurring almost "a month" before the defendant was found in possession of a weapon was too remote in time to establish "slightest evidence" of a threat of imminent injury. Id. ¶¶ 11-12.
¶ 6 Further, in addressing other justification defenses, Arizona courts have determined that justification based on imminent or immediate threats dissipates rapidly or is *476 confined within a particular transaction. See generally A.R.S. §§ 13-404 to 13-421. In In re Roy L. , this court concluded that a juvenile carrying a firearm was properly precluded from arguing self-defense because, on the day he was arrested, he had not seen the rival gang member who had threatened him. 197 Ariz. 441, ¶ 22, 4 P.3d 984, 990 (App. 2000). In State v. Almeida , we stated that a justification instruction for crime prevention is not warranted once a crime has been "fully completed, leaving nothing to prevent." 238 Ariz. 77, ¶ 14, 356 P.3d at 836. But we determined the defendant was entitled to a crime-prevention instruction because "[t]he evidence supported an ongoing episode of road rage ... rather than a discrete aggravated assault." Id. ¶ 15.
¶ 7 In addition to imminence, the necessity defense requires that the defendant have had no reasonable alternative. § 13-417(A). Thus, the risk of injury must be both imminent and the person at risk must have no reasonable alternative to avoid that injury short of violating the law. We read these two core requirements of a necessity defense together. See State v. Gaynor-Fonte , 211 Ariz. 516, ¶ 13, 123 P.3d 1153, 1155 (App. 2005) (we interpret individual provisions in context of entire statute). Specifically, a threat of injury must be sufficiently imminent that reasonable persons would have lacked the time to pursue reasonable lawful alternatives. Ordinarily, as time elapses, other reasonable, legal courses of action become increasingly available to such persons, lessening their need to violate the law to avoid an imminent injury. By this standard, few potential harms are so imminent that they must be addressed with urgent unlawful action.
¶ 8 Here, the statements Pina-Barajas sought to admit could have established that he had obtained and kept the guns in response to incidents that had taken place two weeks earlier. Nothing in Pina-Barajas's statements indicates that he had been subjected to any threat in the intervening period. Nor has Pina-Barajas made any showing that he lacked any legal alternatives during those two weeks, or that those alternatives-such as alerting law enforcement to his predicament-were unreasonable. Accordingly, by the time officers found the guns in his truck, the original threat of harm could not reasonably be characterized as imminent.
¶ 9 Relying on Richter , Pina-Barajas argues he was facing an ongoing and continuing threat, which is "always imminent" and "could materialize at any moment." In Richter , however, the defendant's duress defense hinged on the ongoing threat of physical harm she faced over many months because her husband "set the rules of the house," abused her if she challenged his authority, and constantly supervised her. 243 Ariz. 131, ¶¶ 22-26, 402 P.3d at 1023-24. Nothing in the instant case suggests the person who had threatened Pina-Barajas had any presence, much less such a continuing proximity, in the two weeks between the incident and the time officers discovered the guns. Indeed, that Pina-Barajas kept the guns locked in the cab of his truck, where they were not readily available to him while in his home, undercuts any argument based on an imminent threat.
¶ 10 Relying on United States v. Panter , Pina-Barajas insists the legislature could not have intended to make prohibited possessors "helpless targets for assassins," divested of the right to defend themselves. 688 F.2d 268, 271 (5th Cir. 1982). But in Panter , the defendant, who had been stabbed and wrestled to the ground, grabbed a co-worker's gun and shot his assailant as he continued to attack him. Id. at 269. Thus, Panter serves as a concrete illustration of imminent harm. Similarly, although nothing in §§ 13-417 or 13-3102 prevents a prohibited possessor from threatening force by means of a firearm, that justification is narrowly circumscribed by the tandem requirements that the threat of harm be imminent and that no reasonable alternative exists. Because Pina-Barajas cannot establish by "slightest evidence" that he had been facing an imminent injury when found in possession of the guns, he cannot establish a legal basis for a necessity instruction and, therefore, the court properly precluded both the defense and his statements in support thereof. See Medina , --- Ariz. ----, --- P.3d at ----2018 WL 1403818 ¶ 12.
Completeness
¶ 11 Pina-Barajas also argues he should have been permitted to introduce the *477 same statements under the rule of completeness because they supplied the necessary context to understand his admissions. See Ariz. R. Evid. 106. We review a trial court's evidentiary rulings for an abuse of discretion. Fish , 222 Ariz. 109, ¶ 8, 213 P.3d 258, 263.
¶ 12 Rule 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction ... of any other part ... that in fairness ought to be considered at the same time." Under the rule, a trial court only need admit those portions of a statement "necessary to qualify, explain or place into context the portion already introduced." State v. Cruz , 218 Ariz. 149, ¶ 58, 181 P.3d 196, 209 (2008), quoting State v. Prasertphong , 210 Ariz. 496, ¶ 15, 114 P.3d 828, 831 (2005). Accordingly, a party may not invoke the rule to inject irrelevant issues into the case. See State v. Hughes , 189 Ariz. 62, 73, 938 P.2d 457, 468 (1997) ; Prasertphong , 210 Ariz. 496, ¶ 22, 114 P.3d at 833 (evidence admissible under Rule 106 may be excluded if danger of unfair prejudice, confusion of issues, misleading jury, or waste of time substantially outweighs probative value).
¶ 13 Here, the relevant issues were whether Pina-Barajas knowingly possessed the guns in question and whether he had been a prohibited possessor at the time. See A.R.S. §§ 13-3101(A)(7), 13-3102(A)(4). Concerning these issues, Pina-Barajas's relevant statements were that he owned the guns and that he was a convicted felon who "wasn't supposed to have guns." Because the trial court properly precluded Pina-Barajas from arguing justification by necessity, his reasons for possessing the guns were irrelevant and devoid of any probative value on the issues before the jury. Moreover, admitting the statements risked confusing the issues and misleading the jury by suggesting he might have been so justified. Accordingly, the court did not err by refusing to admit Pina-Barajas's statements under Rule 106.
Disposition
¶ 14 For the foregoing reasons, we affirm Pina-Barajas's conviction and sentence.