NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MICHAEL ESTRADA, *Appellant*.

No. 1 CA-CR 20-0577
FILED 1-20-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-149434-001
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Jacob R. Lines
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the court, in which Judge Brian Y. Furuya and Judge Michael J. Brown joined.

**H O W E**, Judge:

**¶1**         Michael Estrada appeals his convictions and sentences for theft of means of transportation, aggravated assault, disorderly conduct, possession of dangerous drugs, and child abuse. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Estrada. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). Estrada approached a rideshare driver, who was stopped at an intersection en route to pick up a customer, and began banging on the passenger window, frantically requesting police. As the rideshare driver rolled down the window, Estrada and his four young children suddenly entered the backseat, demanding that the driver "go."

**¶3**         The startled driver drove off at a slow speed and asked Estrada whether he needed the police or a hospital. Ignoring the question, Estrada reached over the front seat, grabbed the steering wheel, and tried to steer the vehicle onto the adjacent light rail tracks. When the driver regained control and stopped the vehicle, Estrada stabbed him multiple times with a pair of scissors. The driver escaped, and Estrada moved into the driver's seat. As Estrada tried to drive away, police officers arrived, arrested Estrada, and after searching him found a baggie of methamphetamine in his sock.

**¶4**         At trial, officers involved in Estrada's arrest testified that stabbing someone with scissors could cause death or serious injury. The jury further heard testimony that the driver required emergency surgery after bleeding profusely from at least 12 stab wounds.

**¶5**         Estrada then testified that the driver had hit him in the face "once or twice" and would not let him and his children out of the vehicle.

Estrada explained that he then stabbed the driver to protect himself and his children.

¶6            Based on his testimony, Estrada requested a jury instruction that justifies a defendant's use of physical force against another. The State objected, noting Estrada did not merely use physical force against the driver, but deadly physical force. Agreeing with the State, the trial court instructed the jury on Estrada's use of deadly physical force as a justification defense. The jury found Estrada guilty of theft of means of transportation, aggravated assault, disorderly conduct, possession of dangerous drugs, and four counts of child abuse, but not guilty of armed robbery.

¶7            Considering Estrada's criminal history and the aggravating factors found by the jury, the court imposed a combination of concurrent and consecutive sentences totaling 60 years' imprisonment. Estrada timely appealed.

## DISCUSSION

### I.      Self-Defense Jury Instruction

¶8            Estrada argues that the trial court erred by providing the jury a self-defense instruction that justifies only a defendant's use of deadly physical force. He contends the trial court should have also instructed the jury on his use of mere physical force.

¶9            "We review a trial court's refusal to instruct on self-defense for an abuse of discretion, viewing the evidence in the light most favorable to the defendant." *State v. Carson*, 243 Ariz. 463, 467 ¶ 17 (2018). But "we independently assess whether the evidence supported a justification instruction[] because that is a question of law and involves no discretionary factual determination." *State v. Almeida*, 238 Ariz. 77 ¶ 9 (App. 2015).

¶10           Under Arizona Revised Statutes ("A.R.S.") § 13–404, "a person is justified in using physical force against another, and does not commit a crime, 'when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force.'" *Carson*, 243 Ariz. at 463 ¶ 9 (quoting § 13–404(A)). "Similarly, *deadly* force is justifiably used if § 13–404(A) is satisfied and 'a reasonable person would believe that deadly physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly physical force.'" *Id.* (quoting A.R.S. § 13–405(A)) (emphasis added).

¶11 Here, the evidence did not support a self-defense instruction on Estrada's use of mere physical force. Two police officers involved with this case testified that stabbing someone with scissors can cause death or serious physical injury. The officers' common-sense opinion is shown by the undisputed evidence, which established that the victim bled profusely from at least 12 puncture wounds and required emergency surgery to recover from the stabbing Estrada inflicted. The jury, therefore, could not reasonably conclude that Estrada used anything less than deadly physical force. *See* A.R.S. § 13–105(15) ("'Deadly physical force' means force that is used with the purpose of causing death or serious physical injury or in the manner of its use or intended use is capable of creating a substantial risk of causing death or serious physical injury."); *State v. Hussain*, 189 Ariz. 336, 339 (App. 1997) (concluding that four stab wounds to the victim's chest constitutes deadly physical force).

¶12 Estrada fails to identify evidence that supports a contrary conclusion; indeed, he admits that he used deadly physical force when he stabbed the victim. Absent evidence that Estrada used mere physical force, the trial court did not err in denying Estrada's request for a self-defense instruction under § 13–404. *See id.* at 337 ("A trial court . . . does not err in refusing to give a jury instruction that . . . does not fit the facts of the particular case[.]").

## II.   Sentencing

¶13 Estrada claims his aggregate sentence of 60 years is excessive. He does not contend that the trial court imposed an unlawful sentence, nor does he challenge his sentence under the Eighth Amendment's prohibition against cruel and unusual punishment. Rather, Estrada argues imposing consecutive sentences for the four child-abuse convictions leads to an "unjust" result that we may correct under A.R.S. § 13–4037(B). He therefore requests that we either amend the sentencing order to impose concurrent sentences for the four child-abuse convictions or remand to the superior court for resentencing.

¶14 Considering Estrada's multiple prior felony convictions, the aggravating factors the jury found, the nature of the offenses, and the circumstances under which they were committed, Estrada's aggregate 60-year prison term does not clearly appear excessive. We therefore decline Estrada's invitation to either amend his sentence or remand for resentencing. *See State v. Linsner*, 105 Ariz. 488, 490 (1970) ("[T]he power to revise and reduce sentences imposed by the trial court should be used with

4

great caution and exercised only when it clearly appears that a sentence is too severe.").

## CONCLUSION

¶15       For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA