942 P.2d 1168

**STATE of Arizona, Appellee,**

v.

**John HUSSAIN, Appellant.**

No. 1 CA–CR 96–0388.

Court of Appeals of Arizona,
Division 1, Department E.

July 29, 1997.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and R. Wayne Ford, Assistant Attorney General, Phoenix, for Appellee.

Black & Gottlieb by Stacey F. Gottlieb, Phoenix, for Appellant.

OPINION

WEISBERG, Judge.

John Hussain ("defendant") appeals his conviction and sentence for aggravated assault, a class 3 dangerous felony. We re-

verse because the trial court erred by denying defendant's request for a jury instruction on the justification defense of Ariz.Rev.Stat. Ann. ("A.R.S.") section 13–411.

## FACTS AND PROCEDURAL HISTORY

The victim, "Billy," first met defendant on the afternoon of April 27, 1995. Later that day, Billy saw defendant sitting in front of a Phoenix motel. Defendant told Billy that he was unable to rent a motel room because he did not have proper identification. Although Billy had no identification either, he convinced another acquaintance, J.S., to rent a room for defendant at the motel. The three men then went to the room and drank beer. J.S. left soon thereafter.

Later that evening, Billy purchased two "rocks" of crack cocaine and brought them back to the motel room where he and defendant smoked them. After defendant fell asleep, Billy left the motel room, purchased more beer, and brought another friend back to the room for a drink. After the friend left, Billy fell asleep.

The next morning, defendant accused Billy of having stolen $10 from him. When Billy denied stealing the money, defendant picked up a knife and said, "Come into the shower. I want to make this quiet." Billy attempted to flee, and a struggle ensued. Billy was able to escape, but not before defendant stabbed him four times in the chest.

Defendant gave the police a much different version of the stabbing incident. He claimed that he awoke and found a stranger standing in his motel room. He confronted the stranger and demanded to know what he was doing in his room. In response, the man threatened him with a knife. During the ensuing struggle, the stranger was stabbed with the knife.

Defendant was indicted on one count of aggravated assault involving the use of a deadly weapon or dangerous instrument. A jury returned a guilty verdict and the trial court sentenced defendant to a prison term of nine years. Defendant timely appealed his conviction and sentence to this court. This court has jurisdiction under Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes Annotated ("A.R.S."), §§ 12–120.21(A)(1), 13–4031 and 13–4033(A)(1).

## DISCUSSION

### *I. DENIAL OF REQUESTED JURY INSTRUCTIONS ON JUSTIFICATION*

Defendant first argues that the trial court erred in denying three of his requested jury instructions on the defense of justification. Defendant had requested that the trial court instruct the jury on justification for the use of physical force (1) in self-defense, *see* A.R.S. § 13–404; (2) in prevention of the commission of a first- or second-degree burglary, *see* A.R.S. § 13–411(A); (3) in defense of premises, *see* A.R.S. § 13–407; and (4) in defense of property, *see* A.R.S. § 13–408. The trial court denied all but the self-defense instruction, concluding that the evidence did not support the others, and that the self-defense instruction adequately "cover[ed] what the testimony state[d]."

We first note that a defendant is entitled to a justification instruction if it is supported by "the slightest evidence." *See State v. Dumaine,* 162 Ariz. 392, 404, 783 P.2d 1184, 1196 (1989). A trial court, however, does not err in refusing to give a jury instruction that is an incorrect statement of the law, does not fit the facts of the particular case, or is adequately covered by the other instructions. *State v. Lambright,* 138 Ariz. 63, 74, 673 P.2d 1, 12 (1983), *overruled on other grounds, Hedlund v. Sheldon,* 173 Ariz. 143, 146, 840 P.2d 1008, 1011 (1992). Here, the trial court concluded that the refused justification instructions were not supported by the facts, and that they were adequately covered by the self-defense instruction. In this light, we consider each instruction in turn.

### *A. Crime Prevention*

The trial court denied defendant's request that it instruct the jury, pursuant to A.R.S. section 13–411(A), that "[a] defendant is justified in threatening or using both physical force and deadly physical force to prevent the commission of the crime of burglary in the first or second degree." We conclude

that the evidence supported this instruction and that the trial court, therefore, erred in denying it.

A person commits second-degree burglary by "entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." A.R.S. § 13–1507(A). If, in addition, the person knowingly possesses a deadly weapon or dangerous instrument, he or she commits first-degree burglary. *See* A.R.S. § 13–1508(A).

The jury heard testimony that defendant awakened to find a man standing in his motel room. When defendant demanded to know what the man was doing, the man threatened him with a knife, and a struggle ensued.

■ Defendant's motel room qualifies as a "residential structure" within the burglary statute. *See* A.R.S. § 13–1501(7); *State v. Gardella*, 156 Ariz. 340, 342, 751 P.2d 1000, 1002 (App.1988). Further, at least according to defendant's version of the incident, the victim "remain[ed] unlawfully ... with the intent to commit" an assault upon the defendant, *see* A.R.S. § 13–1507(A), and he knowingly possessed a deadly weapon or dangerous instrument, *see* A.R.S. § 13–1508(A). Thus, defendant's version of the incident provided "the slightest evidence" in support of the theory that he was justified in using deadly physical force against the victim to prevent the commission of a burglary in the first- or second-degree. *See* A.R.S. § 13–411(A).[1]

On the face of the statute, then, defendant would be entitled to the requested instruction. But in *State v. Thomason*, 162 Ariz. 363, 366, 783 P.2d 809, 812 (App.1989), this court, relying on the legislative intent behind section 13–411, held that the justification defense embodied in the statute "is available only when a home, its contents, or the residents therein are being protected by the use of physical force or deadly physical force against another." Thus, defendant would be entitled to the requested instruction only if

his motel room was a "home" within the meaning of A.R.S. section 13–411.

The state has not argued that defendant should be treated differently from a registered motel guest because he did not pay for the motel room. It argues only that the "crime prevention" defense is unavailable to him because he was in a motel room, rather than a home. We therefore accept that defendant had a reasonable expectation of privacy in the motel room at the time of the incident. *See, e.g., Rakas v. Illinois*, 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978) (the protection of the Fourth Amendment depends on whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place).

■ When interpreting a statute, our goal is "to fulfill the intent of the legislature that wrote it." *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). Fortunately, the legislative intent behind A.R.S. section 13–411 is expressly set forth in a "Declaration of policy" accompanying the statute. That declaration provides in part:

A. The legislature finds that homes of Arizona residents are being burglarized and violated at an alarming and unacceptable rate that is endangering the residents' safety, health and property, thereby depriving them of their safe and peaceful enjoyment of their homes.

B. It is the legislative intent to establish a policy by this law giving notice to all citizens, law enforcement personnel and the state courts that a person's home, its contents and the residents therein shall be totally respected and protected in Arizona, and that the law enforcement officials and courts shall apply this and all other applicable criminal laws relating to the protection of the home and its residents promptly and severely so as to restore the total sanctity of the home in Arizona.

Ariz.Sess.Laws 1990, ch. 410, § 3.

■ Given the legislature's intent that "a person's home, its contents and the residents

---

1. The requested jury instruction addressed only defendant's right to use physical force to prevent the commission of a first- or second-degree burglary. We note, however, that defendant's version of the incident also provided evidence to support an instruction concerning his justification to use physical force to prevent the commission of an aggravated assault under A.R.S. section 13–1204(A)(1) and (2).

therein shall be totally respected and protected," we believe that the legislature intended that those same "residents" and "contents" be afforded equal respect and protection when they reside temporarily within a rented motel room. In other words, for the purposes of A.R.S. section 13–411, we find no meaningful distinction between the security and privacy expected in a long-standing "home" and the security and privacy expected in a motel or hotel room. Certainly, for the period of occupancy, that room serves as a person's temporary "home," being that place where the person retires to engage in those personal aspects of life, such as sleep or relaxation, which normally occur in the home. We therefore hold that an occupied motel or hotel room is the equivalent of a "home" for the purposes of the justification defense provided by A.R.S. section 13–411.[2]

■ The state nevertheless argues that the requested A.R.S. section 13–411 instruction was adequately covered by the self-defense instruction given by the trial court. We disagree.

A.R.S. section 13–411 differs from the other justification statutes in that it permits a person to employ deadly physical force "if and to the extent the person reasonably believes [it] is immediately necessary" to prevent the commission of any of several enumerated crimes, *see* A.R.S. § 13–411(A), rather than only in response to another person's use or attempted use of unlawful deadly physical force, *see* A.R.S. § 13–405. *State v. Korzep*, 165 Ariz. 490, 492, 799 P.2d 831, 833 (1990). In addition, pursuant to A.R.S. section 13–411(C), a person is presumed to be acting reasonably if he or she is acting to prevent the commission of any of the offenses listed in A.R.S. section 13–411(A). Thus, the self-defense instruction given to the jury in this case could not have adequately covered the requested instruction premised on A.R.S. section 13–411. *See Korzep*, 165 Ariz. at 492, 799 P.2d at 833. For these

reasons, the absence of the A.R.S. section 13–411 instruction cannot have been harmless error.

We therefore conclude that defendant was entitled to the requested jury instruction, and that the trial court committed reversible error in denying it. *See id.* at 494, 799 P.2d at 835. We next address the remainder of defendant's arguments because they are likely to recur upon retrial.

### B. Defense of Premises

Pursuant to A.R.S. section 13–407, the use of physical force in defense of premises is justified "to the extent that a reasonable person would believe it immediately necessary to prevent or terminate the commission or attempted commission of a criminal trespass by the other person in or upon the premises." A.R.S. § 13–407(A). But, a person may use *deadly* physical force under such circumstances only to defend himself or third persons. A.R.S. § 13–407(B). "Deadly physical force" is "force which is used with the purpose of causing death or serious physical injury or in the manner of its use or intended use is capable of creating a substantial risk of causing death or serious physical injury." A.R.S. § 13–105(12)(1996).

■ The undisputed evidence established that defendant stabbed the victim four times in the chest. The jury, therefore, could not have reasonably concluded that defendant used anything less than deadly physical force against the victim and, pursuant to A.R.S. section 13–407(B), this "deadly physical force" was justified only if used in self-defense. Accordingly, because the trial court instructed the jury on self-defense, it did not err in denying defendant's request for a separate defense-of-premises instruction. *See State v. McIntyre*, 106 Ariz. 439, 445, 477 P.2d 529, 535 (1970) ("The long-established rule is that where requested instructions are adequately covered by other instructions of

---

2. This conclusion is consistent with the treatment afforded those occupants of hotel and motel rooms who have a legitimate expectation of privacy under Fourth Amendment search and seizure analysis. *See Hoffa v. United States*, 385 U.S. 293, 301, 87 S.Ct. 408, 413, 17 L.Ed.2d 374

(1966) ("What the Fourth Amendment protects is the security a man relies upon when he places himself or his property within a constitutionally protected area, be it his home or his office, his hotel room or his automobile."); *State v. Decker*, 119 Ariz. 195, 197, 580 P.2d 333, 335 (1978).

**340**

the trial court, it is not error to refuse them.").

### C. Defense of Property

A.R.S. section 13–408 provides:

A person is justified in using physical force against another when and to the extent that a reasonable person would believe it necessary to prevent what a reasonable person would believe is an attempt or commission by the other person of theft or criminal damage involving tangible movable property under his possession or control[.]

The statute further provides that a person may use deadly physical force only in self-defense or the defense of a third person, or to prevent commission of one of the crimes enumerated in A.R.S. section 13–411(A).

 We need not decide whether the evidence supported giving this instruction because we conclude that, even if it did, the instruction is adequately covered by the self-defense instruction and the crime prevention instruction. As we concluded in the previous section, the jury could only have found that defendant used deadly physical force. Therefore, the requested defense-of-property instruction was adequately covered by the self-defense instruction to the extent the deadly force was based upon self-defense. In addition, to the extent the deadly force was based upon the prevention of a burglary, the defense-of-property instruction would be adequately covered by the crime prevention instruction, which we have concluded the trial court should have given. Accordingly, assuming similar evidence upon retrial, the trial court would not err by refusing to give defendant's requested defense-of-property instruction.

### II. DENIAL OF REQUESTED JURY IN-STRUCTION ON REASONABLE DOUBT

Defendant also argues that the trial court erred in denying his request that it amend the reasonable doubt instruction approved in *State v. Portillo*, 182 Ariz. 592, 898 P.2d 970 (1995). In *Portillo*, the Arizona Supreme Court held that, after January 1, 1996, trial courts are required to give the reasonable doubt instruction set forth in that case. *Id.* at 596, 898 P.2d at 974. Here, the trial court properly gave the *Portillo* reasonable doubt instruction. We find no error.

### CONCLUSION

Because we conclude that the trial court erred in denying defendant's request for an A.R.S. section 13–411 justification instruction, we reverse defendant's conviction and remand for further proceedings consistent with this opinion.

KLEINSCHMIDT and VOSS, JJ., concur.