NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GORDON ALLEN BENSON, *Appellant.*

No. 1 CA-CR 13-0454
FILED 09-18-2014

Appeal from the Superior Court in Maricopa County
No. CR2011-140907-001
The Honorable Bruce R. Cohen, Judge

**REVERSED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

**D O W N I E,** Judge:

¶1          Gordon Allen Benson appeals his conviction for manslaughter, arguing the superior court erred by refusing to instruct the jury on the crime-prevention defense under Arizona Revised Statutes ("A.R.S.") § 13-411.  We agree and therefore reverse Benson's conviction and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY[1]

¶2          Benson fatally stabbed F.B. after being awakened by F.B. "ferocious[ly]" banging on, and then bursting through, the door to the room Benson's girlfriend rented from F.B., yelling "mother fucker," and screaming for Benson to get out.  Benson claimed self-defense and testified he was "terrified" that F.B., who was larger and younger than him, would seriously injure or kill him if he did not "stop him." A "very high" level of methamphetamine was present in F.B.'s bloodstream at the time of his death — a level the State's toxicologist testified could cause someone to engage in a violent outburst.

¶3          The jury convicted Benson of manslaughter as a lesser-included offense of the charged crime of second-degree murder and found it to be a dangerous offense.  The court sentenced Benson to a mitigated term of eight years in prison.  Benson filed a timely notice of appeal.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(2), 13-4031, and 13-4033(A).

## DISCUSSION

¶4          The trial court instructed the jury regarding the use of physical force and deadly physical force in self-defense pursuant to A.R.S. §§ 13-404 and 13-405 and specifically instructed jurors that a person "may

---

[1]      We view the evidence in the light most favorable to Benson — the proponent of the jury instruction.  *See State v. King*, 225 Ariz. 87, 90, ¶ 13, 235 P.3d 240, 243 (2010).

use deadly physical force in self defense only to protect against another's use or apparent, attempted use or threatened use of deadly physical force," if and to the extent a reasonable person in his situation would have believed such force was immediately necessary for self-defense. The court declined to instruct on the crime-prevention defense under A.R.S. § 13-411, which offers justification for the use of "both physical force and deadly physical force against another to the extent the person reasonably believes physical force or deadly physical force is immediately necessary to prevent the other person's commission of" enumerated offenses, including aggravated assault causing serious physical injury. A.R.S. § 13-411(A). The court reasoned that the self-defense instructions adequately covered Benson's defense.

¶5        The State does not contend the crime-prevention instruction was legally unavailable to Benson. Indeed, it acknowledges that 2006 amendments to A.R.S. § 13-411 broadened the statute's application and concedes Benson "arguably" had a right to be in F.B.'s home as a guest of a resident. *See* A.R.S. § 13-411(D) ("This section includes the use or threatened use of physical force or deadly physical force in a person's home, residence, place of business, land the person owns or leases, conveyance of any kind, *or any other place in this state where a person has a right to be*.") (emphasis added). The State's position in this appeal is that the trial evidence did not support a crime-prevention instruction and, to the extent we conclude otherwise, the State asserts any error in refusing the instruction was harmless.

¶6        We review the refusal to give a jury instruction for abuse of discretion. *State ex rel. Thomas v. Granville*, 211 Ariz. 468, 471, ¶ 8, 123 P.3d 662, 665 (2005). A defendant is entitled to a crime-prevention instruction if it is supported by the "slightest evidence." *State v. Korzep*, 165 Ariz. 490, 494, 799 P.2d 831, 835 (1990).

¶7        Benson testified that he believed F.B. was going to kill or severely injure him if he did not take immediate action to stop him. He told jurors he feared he would have his "head beaten" or "tore off or something stuck through my eye" and that F.B. "was just going to hurt me until there was nothing, I mean until he couldn't." Benson's testimony, coupled with evidence about the high level of methamphetamine in F.B.'s system, was sufficient to supply the "slightest evidence" warranting the crime-prevention instruction. *See State v. Hussain*, 189 Ariz. 336, 338, 942 P.2d 1168, 1170 (App. 1997) (holding defendant's version of events provided the requisite "slightest evidence" to support crime-prevention defense instruction).

¶8        According to the State, Benson's belief F.B. was going to kill or severely injure him was unreasonable.  But whether that belief was reasonable or not was a question for the jury to resolve in determining whether the conduct was justified.  *See* A.R.S. § 13-411(A) and (C); *State v. King,* 225 Ariz. 87, 91, ¶ 18, 235 P.3d 240, 244 (2010) (evidence defendant acted in response to being hit in head by bottle thrown by victim entitled him to self-defense instruction in murder trial; issue of whether response was proportionate to threat was for the jury).

¶9        We are also unpersuaded by the State's argument that the failure to instruct on the crime-prevention defense was harmless error.  An error is harmless if the State demonstrates, beyond a reasonable doubt, that the error did not contribute to or affect the verdict.  *See State v. Henderson,* 210 Ariz. 561, 567, ¶ 18, 115 P.3d 601, 607 (2005*).*

¶10       A.R.S. § 13–411 offers a defendant broader protection than A.R.S. §§ 13-404 and 13-405.  *See State v. Garfield*, 208 Ariz. 275, 279, ¶ 15, 92 P.3d 905, 909 (App. 2004*).*  "[T]he only limitation on the use of deadly force under § 13–411 is the reasonableness of the response," whereas "the other justification defenses require an immediate threat to personal safety before deadly force may be used."  *Korzep*, 165 Ariz. at 492, 799 P.2d at 833; *see also Hussain*, 189 Ariz. at 339, 942 P.2d at 1171 (A.R.S. § 13-411 "permits a person to employ deadly physical force 'if and to the extent the person reasonably believes [it] is immediately necessary' to prevent the commission of any of several enumerated crimes . . . rather than only in response to another person's use or attempted use of unlawful deadly physical force.").  Additionally, A.R.S. § 13-411(C) establishes a presumption that a person acted reasonably if he acted "to prevent what the person reasonably believes is the imminent or actual commission" of enumerated crimes, including aggravated assault.  No such presumption exists under §§ 13-404 and 13-405.

¶11       The State contends the presumption established by § 13-411(C) has essentially been rendered meaningless by statutory changes that now place the burden on the State to prove beyond a reasonable doubt that a defendant did not act with justification.  *See* A.R.S. § 13-205.  But as noted *supra*, the protections of § 13-411 extend beyond this presumption.  Moreover, even after amending A.R.S. § 13-205(A), the legislature chose to retain language specifically stating that "[t]his section does not affect the presumption contained in § 13-411, subsection C."  A.R.S. § 13-205(B).  *See, e.g., Tucson v. Clear Channel Outdoor*, 209 Ariz. 544, 553, 105 P.3d 1163, 1172 (2005) (courts do not interpret statutes to contain useless provisions unless

no other construction is possible); *Bilke v. State,* 206 Ariz. 462, 464, ¶ 11, 80 P.3d 269, 271 (2003) (courts must give effect to each word of the statute).

**¶12**     We cannot say beyond a reasonable doubt that the protections offered by § 13-411 would not have caused a jury properly instructed about the crime-prevention defense to conclude that Benson was justified in stabbing F.B. to prevent an aggravated assault. The State has not carried its burden of establishing harmless error.

## CONCLUSION

**¶13**     For the foregoing reasons, we reverse Benson's conviction and remand for a new trial.



Ruth A. Willingham · Clerk of the Court
FILED : gsh