NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

THEOPHILE JOHN DE BERRY, *Appellant.*

No. 1 CA-CR 21-0142
FILED 8-31-2023

Appeal from the Superior Court in Maricopa County
No. CR2019-157124-001
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**H O W E**, Judge:

¶1 Theophile John De Berry appeals his convictions and sentences for two counts of aggravated assault. For the reasons below, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 This court reviews the facts in the light most favorable to sustaining the jury's verdicts, resolving all reasonable inferences against De Berry. *See State v. Felix*, 237 Ariz. 280, 283 ¶ 2 (App. 2015). One evening, as the victim waited at a bus stop, De Berry approached from a convenience store nearby. The two appeared "about to fight" when De Berry shot the victim once in the stomach. The victim sustained serious physical injuries.

¶3 The State charged De Berry with two counts of aggravated assault, both dangerous class 3 felonies. Count 1 alleged that De Berry intentionally, knowingly, or recklessly caused serious physical injury. Count 2 alleged that De Berry used a firearm to cause physical injury. De Berry requested a self-defense jury instruction. He claimed that the evidence supported his requested self-defense instruction because (1) the victim, before interacting with him, walked toward a light pole and extended his arms; (2) he and the victim were near each other, they appeared to "exchange something," and they "looked like they were going to fight"; (3) he did not approach the victim with his gun drawn, but drew and fired the weapon only after interacting with the victim; and (4) the victim's brass knuckles were found on the ground near the spot where he fell, which he later admitted to carrying for protection. The victim, however, testified that he did not show or use the brass knuckles before De Berry shot him. The trial court denied De Berry's request for a self-defense jury instruction.

¶4        The jury found De Berry guilty as charged, and the trial court imposed concurrent 7.5-year presumptive terms of imprisonment. De Berry timely appeals.

## DISCUSSION

### I.    The trial court did not err in denying De Berry's self-defense jury instruction.

¶5        De Berry contends that the trial court erred by denying his requested self-defense instruction, arguing that the evidence established that he shot the victim in response to the victim's "hostile demonstration." "Although we normally review denial of a jury instruction for an abuse of discretion, 'we independently assess whether the evidence supported a justification instruction, because that is a question of law and involves no discretionary factual determination.'" *State v. Pina-Barajas*, 244 Ariz. 106, 108 ¶ 4 (App. 2018) (quoting *State v. Almeida*, 238 Ariz. 77, 80 ¶ 9 (App. 2015)). "We view the evidence in the light most favorable to the party requesting a jury instruction." *Id.* at 108 ¶ 2.

¶6        Under A.R.S. § 13–404, "[a] person is justified in using physical force against another, and does not commit a crime, 'when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force.'" *State v. Carson*, 243 Ariz. 463, 465 ¶ 9 (2018) (quoting A.R.S. § 13–404(A)). "Similarly, *deadly* force is justifiably used if § 13–404 is satisfied and 'a reasonable person would believe that deadly physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly physical force.'" *Id.* (quoting A.R.S. § 13–405(A)) (emphasis added).

¶7        Here, the court did not err. De Berry acknowledges that no witnesses saw nor did the video cameras record the victim display brass knuckles and points to nothing in the record that shows the victim used or attempted to use physical force—let alone deadly physical force—against him. *Cf. State v. King*, 225 Ariz. 87, 90 ¶ 16 (2010) (holding that a full two-liter water bottle thrown at defendant's head "suffices to meet the 'slightest evidence' standard that supports the giving of a self-defense instruction"). Indeed, the victim testified that he did not pull out his brass knuckles before being shot and no other evidence shows that the victim attempted to or used physical force against De Berry.

¶8        De Berry, however, challenges the victim's testimony that he did not use or show the brass knuckles before De Berry shot him. But this

court does not judge a witness's credibility. *See State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (when reviewing witness testimony, this court does not determine credibility). Even so, viewing the evidence in the light most favorable to De Berry, the mere presence of brass knuckles does not reasonably or clearly show that the victim used or attempted to use them to inflict physical force on De Berry. *See State v. Vassell*, 238 Ariz. 281, 284 ¶ 9 (App. 2015) (noting that a justification instruction is not required unless the evidence "reasonably and clearly" supports it); *see also State v. Hussain*, 189 Ariz. 336, 337 (App. 1997) ("A trial court . . . does not err in refusing to give a jury instruction that . . . does not fit the facts of the particular case."). Thus, the trial court did not err in denying the jury instruction.

## II.  De Berry's convictions do not violate the constitutional prohibition against double jeopardy.

**¶9**  De Berry argues that his convictions violate the constitutional prohibition against double jeopardy. Specifically, he contends that aggravated assault is an alternative-means offense, and therefore the charges are multiplicitous. Because De Berry did not raise this issue before the trial court, we review only for fundamental error. *State v. Johnson*, 247 Ariz. 166, 185 ¶ 41 (2019).

**¶10**  Under A.R.S. § 13–1204(A),

> A person commits aggravated assault if the person commits assault as prescribed by § 13–1203 under any of the following circumstances:
>
> 1.  If the person causes serious physical injury to another.
>
> 2.  If the person uses a deadly weapon or dangerous instrument.

Under A.R.S. § 13–1203(A)(1), "A person commits assault by [i]ntentionally, knowingly or recklessly causing any physical injury to another person."

**¶11**  Statutory interpretation requires first looking to the language of the statute. *State v. Luviano*, 530 P.3d 388, 391 ¶ 10 (Ariz. 2023) ("In interpreting a statutory provision, we give words their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended.") (internal quotation marks omitted). A statute is ambiguous if reasonably susceptible to differing interpretations. *Id.* If a statute is ambiguous, we "consult secondary interpretation methods, such as the

statute's subject matter, historical background, effect and consequences, and spirit and purpose." *Id.* (internal quotation marks omitted).

¶12 The parties agree that the aggravated assault statute is ambiguous. Indeed, A.R.S. § 13–1204(A) may reasonably be read as setting forth alternative means of committing an offense because it provides that aggravated assault occurs "under any of the following circumstances" and includes causing serious physical injury to another or using a deadly weapon or dangerous instrument. Each subsection may be interpreted as an alternative means of committing the same offense of aggravated assault. But A.R.S. § 13–1204(A) may also reasonably be read as providing for separate offenses because it describes 11 different circumstances that lead to the commission of an aggravated assault. Because the statute may reasonably be interpreted as setting forth both alternative means and separate offenses, the statute is ambiguous, and we must resort to secondary interpretation methods. *See Luviano*, 530 P.3d at 391-92 ¶ 11 (concluding "that A.R.S. § 13-2508 is ambiguous because it may be reasonably read as setting for either a single unified offense or distinct crimes").

¶13 Using those methods, we conclude that A.R.S. § 13–1204(A) sets forth separate offenses. In analyzing double-jeopardy claims, the court must examine the elements of each crime for which the individual was convicted and sentenced to ensure that each offense contains an element not present in the other. *State v. Eagle*, 196 Ariz. 188, 190 ¶ 6 (2000). "[T]he test to be applied to determine whether there are two offenses or only one[] is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Subsection (A) lists 11 different ways of committing an assault. For example, (A)(1) and (A)(3) concern different types of injuries. *Compare* A.R.S. § 13–1204(A)(1) ("If the person causes serious physical injury to another"), *with* A.R.S. § 13–1204(A)(3) ("If the person commits the assault by any means of force that causes temporary but substantial disfigurement."). Meanwhile, subsections (A)(2) and (A)(11) concern "deadly weapon[s]." *See* A.R.S. § 13–1204(A)(2), (11). Further, subsections (A)(6) and (A)(8) concern the victim's characteristics. *Compare* A.R.S. § 13–1204(A)(6) (victim is a minor under 15 years of age), *with* A.R.S. § 13–1204(A)(8) (victim includes a firefighter, teacher, healthcare worker, prosecutor, public defender, and judicial officer).

¶14 Thus, looking at the entire text of A.R.S. § 13–1204, each subsection requires a different element from its counterpart, thereby indicating that they are distinct and separate crimes. *See State v. Freeney*, 223

Ariz. 110, 113 ¶ 16 (2009) ("When the elements of one offense materially differ from those of another—even if the two are defined in subsections of the same statute—they are distinct and separate crimes."); *see also Desmond v. Super. Ct. of Maricopa Cnty.*, 161 Ariz. 522, 527 (1989) (holding that two subsections of the driving-under-the-influence statute were different crimes because one proscribed driving under the influence of liquor while the other proscribed driving over a certain blood alcohol level).

¶15        Further, if a statute includes "alternatives carry[ing] different punishments," the alternatives describe "elements" of an offense and point to different crimes. *Mathis v. United States*, 579 U.S. 500, 518 (2016). Here, the penalties under A.R.S. § 13–1204(A) vary. *See* A.R.S. § 13–1204(E) (providing punishments for class 3, 4, 5, or 6 felonies). Although assault under (A)(1), (A)(2), (A)(9)(a), and (A)(11) are all class 3 felonies, they are not so similar that proving the facts of an assault under one subsection would essentially prove the other. *Compare* A.R.S. § 13–1204(A)(1) (person commits assault by causing "serious physical injury to another"), *with* A.R.S. § 13–1204(A)(2) (person commits assault by using "a deadly weapon or dangerous instrument"), *with* A.R.S. § 13–1204(A)(9)(a) (person commits assault by taking or attempting to take an officer's firearm), *with* A.R.S. § 13–1204(A)(11) (person commits assault if uses a "simulated deadly weapon").

¶16        Similarly, the facts needed to establish a class 6 felony under different subsections are not naturally connected. *Compare* A.R.S. § 13–1204(A)(4) ("victim is bound or otherwise physically restrained"), *with* A.R.S. § 13–1204(A)(5) ("entering the private home of another"), *with* A.R.S. § 13–1204(A)(6) ("person is [18] years of age" and victim is under 15 years of age), *with* A.R.S. § 13–1204(A)(7) ("in violation of an order of protection"). Thus, as a whole, the structure of the statute indicates that each subsection sets forth a separate offense, not an alternative means of committing the general offense of aggravated assault. The charges in this case, therefore, are not multiplicitous. *State v. Brown*, 217 Ariz. 617, 620 ¶ 7 (App. 2008) ("Multiplicity occurs when an indictment charges a single offense in multiple counts . . . and raises the potential for multiple punishments, which implicates double jeopardy."). Because A.R.S. § 12–1304(A) sets forth separate offenses, no error occurred.

**CONCLUSION**

¶17      For the reasons stated, De Berry's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA